ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

THOMAS MUEHLECK #3591
Chief, Drug/Organized Crime Section

TONY R. ROBERTS
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Tony.Roberts@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 01 2016

at 10 o'clock and 05 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 14-00752 DKW |
| ) | |
| Plaintiff, ) | MEMORANDUM OF PLEA AGREEMENT |
| ) | |
| vs. ) | Date: March 1, 2016 |
| ) | Time: 9:30 a.m. |
| BRAZE KALANI PARIS KAPELIELA(1) ) | Judge: Derrick K. Watson |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, Braze Kalani Paris KAPELIELA (hereinafter "Defendant" or "Kapeliela"), and his attorney, Jin Tae "JT" Kim, Esq., of Honolulu, HI, have agreed upon the following:

1

1. Defendant acknowledges that he has been charged in a criminal Indictment filed August 20, 2014, (hereinafter "Indictment") with the following offenses:

- Count 1: conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, said offense beginning on or about April 9, 2014 and continuing to on or about June 16, 2014, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and

- Count 2: knowingly and intentionally distributing 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers, to wit, approximately 56 grams, a Schedule II controlled substance, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and

- Count 3: knowingly and intentionally distributing 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, to wit, approximately 112 grams, a Schedule II controlled substance, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. In making his decision to

plead guilty, Defendant has had the full opportunity to consult with his undersigned defense attorney, and he is fully satisfied with the legal representation and advice he has received from his defense attorney.

3. Defendant fully understands the nature and elements of the crime with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count One in the Indictment which charges him with knowingly and intentionally conspiring to distribute and possess with intent to distribute methamphetamine, its salts, isomers, and salts of isomers. After sentencing, the prosecution shall move to dismiss the other counts in the Indictment with regard to Defendant KAPELIELA.

5. Defendant agrees that this Memorandum of Plea Agreement will be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of conspiring to distribute and possess with intent to distribute methamphetamine as charged in Count One of the Indictment. This plea is voluntary and not the result of force or threats.

7. Defendant understands that the statutory penalties for the offense to which he is pleading guilty include:

a. A term of imprisonment of up to life imprisonment, a fine of up to $10,000,000, or both, and a term of supervised release of at least five (5) years and up to life; and,

b. a minimum term of imprisonment of ten (10) years; and,

c. at the discretion of the Court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

d. In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for the single count to

which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. In April of 2014, a DEA Task Force Officer, acting in an undercover capacity (UC), negotiated a two ounce methamphetamine transaction with Co-defendant Warren Ray Rivera, Jr. (Rivera) through recorded telephone calls. During the telephone calls, Rivera agreed to sell the UC two ounces of methamphetamine in exchange for $2,600.00. The UC and Rivera also agreed to meet at a location in Aiea, Hawaii. On April 9, 2014, Rivera met with Defendant Kapeliela to obtain the methamphetamine. Then Rivera met the UC in Aiea and sold the UC two ounces of methamphetamine for $2,600.00. After the transaction, Rivera met again with Defendant Kapeliela in a nearby shopping center and paid Kapeliela for the drugs.

b. Additional recorded conversations captured Rivera agreeing to sell four ounces of methamphetamine to the UC for $5,800.00. On or about April 21, 2014, Rivera called the UC and said he was waiting for his source. Kapeliela arrived and provided the methamphetamine to Rivera. Rivera then met the UC in Aiea and sold the UC four ounces of methamphetamine for $5,800.00. Rivera then returned to the location where Kapeliela was waiting and gave Kapeliela his portion of the drug proceeds. The laboratory analysis for the April 9, 2014, transaction established that the substance was 54.5 grams of 99.2% pure methamphetamine hydrochloride. The laboratory analysis for the April 21, 2014, transaction established that the substance was 109.6 grams of 99.5% pure methamphetamine hydrochloride.

c. Law enforcement arrested Kapeliela on June 17, 2014. After he was advised of his Constitutional Rights, Kapeliela waived his rights and agreed to provide a statement to law enforcement. Kapeliela admitted to distributing methamphetamine to Rivera on the two occasions referenced above. Kapeliela also admitted that he had been distributing methamphetamine for the past five months. Kapeliela informed law enforcement that he had approximately $2,000.00 and admitted that this money was derived from the sale of methamphetamine.

d. The evidence would establish that Kapeliela agreed with other individuals to possess and distribute the quantities of methamphetamine set forth in the above paragraphs. Kapeliela intended to distribute methamphetamine and knew the substance that he distributed in April was methamphetamine. He willingly joined and voluntarily participated in the conspiracy set forth in Count One of the Indictment. The evidence would establish that the quantity of methamphetamine involved in the conspiracy was more than 50 grams of "Ice."

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a. In exchange for pleading guilty to Count One in the Indictment, the United States will move to dismiss Counts Two, and Three of the Indictment after sentencing. Defendant agrees that the conduct forming the basis for Counts Two and

Three of the Indictment, and as set forth in paragraph 8 above, constitute "relevant conduct" pursuant to Sentencing Guidelines Section 1B1.3 and agrees that it shall be used in calculating defendant's base offense level.

b. The United States Attorney also agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if Defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

c. The parties stipulate to the facts as set forth in paragraph 8 of this agreement.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any

stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties are also presently unaware of any factual disputes affecting the sentencing of defendant herein.

12. The Defendant is aware that he has the right to appeal his conviction and the sentence imposed. Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statutes of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was

9

determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

       c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty, he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

11

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in any charging document.

16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor

agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: March 1, 2016, at Honolulu, Hawaii.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

_____
THOMAS MUEHLECK
Chief,
Drug/Organized Crime Section

_____
BRAZE KALANI PARIS KAPELIELA
Defendant

_____
TONY R. ROBERTS
Assistant U.S. Attorney

_____
JIN TAE "JT" KIM, ESQ
Attorney for Defendant

13